UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL HARDESTER, | : | CIVIL ACTION NO. 07-3454 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| JAMES C. FURIATO, et al., | : | |
| | : | |
| Defendants. | : | |

**THE COURT** ordering the parties to show cause why the action should not be stayed and administratively terminated, with leave to reopen for good cause shown, pending the disposition of any related criminal matter (dkt. entry no. 5, Order to Show Cause); and the plaintiff bringing this action, <u>inter alia</u>, to recover damages under 42 U.S.C. § ("Section") 1983 ("Federal Claims"), and the defendants removing the action under 28 U.S.C. § 1331 (dkt. entry no. 1, Rmv. Not. & Compl.); and it appearing that the claims arise from the plaintiff's arrest in September 2006 by defendants who were police officers (Compl., at 1 & 6-8); and the parties failing to clarify whether the plaintiff either has been, or may be, criminally charged due to the circumstances underlying the arrest; and

**IT APPEARING** — pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) — that (1) the Court must determine whether a Section 1983 claim, "<u>if successful</u>, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," and (2)

if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim would be barred until the conviction is overturned, Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted), cert. denied, 547 U.S. 1035 (2006); and

**THE COURT** thus being concerned that if the plaintiff were successful on the Federal Claims, then an eventual underlying state criminal conviction could be rendered invalid; and it appearing that when an indicted plaintiff brings a Section 1983 claim "before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended", Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007); and the Court thus ordering the parties to show cause why the action should not be stayed and administratively terminated pending the disposition of any related criminal matter (Order to Show Cause, at 2-3); and

**THE COURT ADVISING THE PARTIES** that an order administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of

2

judicial economy (id. at 2), see Delgrosso v. Spang & Co., 903
F.2d 234, 236 (3d Cir. 1990) (stating administrative termination
not final determination, as it "permits reinstatement and
contemplates the possibility of future proceedings", and "does
not purport to end litigation on the merits"); and

**THE PARTIES** failing to respond to the order to show cause;
and the Court thus intending to (1) grant the order to show
cause, and (2) stay and administratively terminate the action,
with leave to seek ancillary relief or reopen when appropriate;
and for good cause appearing, the Court will issue an appropriate
order and judgment.


                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

**Dated:** October 29, 2007