**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL HARDESTER, | : | CIVIL ACTION NO. 07-3454 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| CITY OF LONG BRANCH, et al., | : | |
| Defendants. | : | |

**THE COURT** ordering the plaintiff to show cause why the action should not be stayed and administratively terminated, with leave to the plaintiff to move to reopen for good cause shown (dkt. entry no. 19, Order To Show Cause ("OTSC")); and

**THE COURT** having stayed and administratively terminated this action, pending the disposition of the underlying related criminal proceedings ("Criminal Proceedings"), in a memorandum opinion dated October 29, 2007 ("October 2007 Opinion") and an order and judgment also dated October 29, 2007 ("October 2007 Order") (dkt. entry nos. 6-7), see Wallace v. Kato, 549 U.S. 384, 393-94 (2007); Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (discussing Heck v. Humphrey, 512 U.S. 477 (1994)), cert. denied, 547 U.S. 1035 (2006); and the Magistrate Judge reopening the action to permit the plaintiff to file an amended complaint (dkt. entry no. 9, 7-25-08 Order; dkt. entry no. 17, 10-14-08 Order); and the

plaintiff filing an amended complaint (dkt. entry no. 10, Am. Compl.);[1] and

**THE PLAINTIFF** alleging in the amended complaint that the "criminal proceedings initiated by Defendants terminated in Plaintiff's favor" ("Favorable Termination Allegations") (id. at ¶¶ 63 & 92); but the plaintiff contradictorily alleging that the "criminal charges brought against Plaintiff remain pending in Long Branch Municipal Court" ("Pending Proceedings Allegation") (id. at ¶ 27); and

**SEVERAL DEFENDANTS** admitting to the Pending Proceedings Allegation (dkt. entry no. 14, Answer at 3), and denying the Favorable Termination Allegations (id. at 4 & 6); and

**THE COURT** being concerned that the action — for the reasons expressed in the October 2007 Opinion and October 2007 Order — should remain stayed and administratively terminated; and the Court thus ordering the plaintiff to clarify whether the Criminal Proceedings are pending, including whether any aspect thereof is the subject of either an appeal or a review by any municipal or state court at any level (see OTSC); and the Court advising the plaintiff that if he argues that the Criminal Proceedings are no longer pending, then he should submit documentation in support of that argument, e.g., an order disposing of the Criminal

---

[1] The plaintiff has amended the caption to list the defendant City of Long Branch as the first defendant.

2

Proceedings (id.); and the Court advising the parties that the Court will once again stay and administratively terminate the action if the Criminal Proceedings are pending (id.); and

    **THE PLAINTIFF** admitting in response — despite his sworn assertion in the Favorable Termination Allegations in the amended complaint — that the Criminal Proceedings are indeed pending (see dkt. entry no. 20, 12-24-08 Pl. Resp. stating, "On 12/16/08, [his] criminal trial began in Highlands Municipal Court . . . and the case is scheduled to resume in early January 2009"); and

    **THE COURT** thus intending to (1) grant the order to show cause, (2) stay and administratively terminate the action, and (3) grant the plaintiff leave to move only before this District Court Judge for ancillary relief or to reopen for good cause shown; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                   s/ Mary L. Cooper
                                                   **MARY L. COOPER**
                                                   United States District Judge

Dated:   December 29, 2008