**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL HARDESTER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LONG BRANCH, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 07-3454 (MLC)<br><br>**O P I N I O N** |

**COOPER, District Judge**

   **PLAINTIFF**, Michael Hardester, brought an action in state court to recover damages for violations of 42 U.S.C. § 1983.  (See dkt. entry no. 1, Rmv. Not., Ex. A, Compl.)  Defendants James C. Furiato, Detective Juan Vasquez, Officer John Riley, and Sergeant Frank T. Morey removed the action and default was entered as to James C. Furiato.  (See Rmv. Not.; see also unnumbered dkt. entry following dkt. entry no. 16.)  Long Branch Director of Public Safety William Richards, Red Bank Chief of Police Mark Fitzgerald, City of Long Branch, and Borough of Red Bank were added as defendants in the Amended Complaint.  (See dkt. entry no. 10, Am. Compl.)  The action insofar as it was brought against Richards and Fitzgerald was terminated on August 7, 2012, following oral argument on Motions for Summary Judgment by Morey, Richards, Vasquez, Fitzgerald, City of Long Branch, and Borough of Red Bank.

(See dkt. entry no. 89, 8-7-12 Order; dkt. entry no. 51, Mot. for Summ. J. by John Riley; dkt. entry no. 58, Mot. for Summ. J. by City of Long Branch, Frank Morey, William Richards, Juan Vasquez; dkt. entry no. 59, Mot. for Summ. J. by Borough of Red Bank, Mark Fitzgerald.)  The Court explained that judgment would be entered against Hardester and in favor of Richards and Fitzgerald "as their presence in this action is redundant to the claims asserted against the municipalities under which they were sued in their official capacities."  (8-7-12 Order at 3.)

**THE COURT** heard oral argument on August 13, 2012, in a separate, unrelated action in which Hardester's counsel appeared.  See Ball v. Jackson Township, et al., No. 10-4254, dkt. entry no. 55, Minute Entry for Oral Arg. Proceedings (D.N.J. Aug. 13, 2012).  At that time, Hardester's counsel expressed disagreement with the 8-17-12 Order.  The Court advised Hardester's counsel of Hardester's right to file a motion for reconsideration and granted Hardester's counsel additional time to file such a motion.  (See dkt. entry no. 95, 8-23-2012 Letter Order.)

**HARDESTER** moved for reconsideration on September 7, 2012, with a Certification of Counsel, the Second Amended Complaint in Hardester v. City of Long Branch, the Complaint in Ball, and the August 13, 2012 Order in Ball.  (See dkt. entry no. 97, Mot. for Recons.)  However, Hardester did not provide either a brief in

support of the Motion or a transcript of the oral argument heard on August 13, 2012 in Ball.  (See id.)  The Defendants filed certifications in opposition stating that Hardester's failure to provide legal arguments supporting the Motion or to provide a transcript of the arguments in Ball prevented Defendants' counsel from offering arguments in opposition.  (See dkt. entry no. 100, Certification in Opp'n by Borough of Red Bank, Mark Fitzgerald; dkt. entry no. 101, Certification in Opp'n by City of Long Branch, Frank T. Morey, William Richards, Juan Vasquez.)

   **THE COURT** notes that the Local Civil Rules require a brief to be filed in support of any motion to the Court:

> No application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2, and proof or acknowledgment of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day.  The brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page.

L.Civ.R. 7.1(d)(1).  In order to avoid prejudice to the parties who were not before the Court during oral argument in Ball, Hardester must provide more substantive argument than that included in the Certification of Counsel attached to the Motion.  Hardester must, in the very least, provide a brief.  A transcript is also necessary if it will enable opposing counsel to understand the arguments in the brief.  The Court will deny the Motion without prejudice and grant Hardester leave to bring the Motion anew within thirty days.

**CONCLUSION**

For the reasons stated supra, the Court will deny Plaintiff's motion for reconsideration without prejudice. The Court will issue an appropriate Order.

                      s/ Mary L. Cooper
                      **MARY L. COOPER**
                      United States District Judge

Dated: December 31, 2012