**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL HARDESTER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LONG BRANCH, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 07-3454 (MLC)<br><br>**O P I N I O N** |

**THE PROCEDURAL HISTORY** of the action is convoluted.  The Court thus provides the following summary before addressing the issue currently pending.

**THE PLAINTIFF**, Michael Hardester, originally brought the action in state court against the defendants James C. Furiato, Frank T. Morey, Juan Vasquez, and John Riley ("State Court Defendants").  (See dkt. entry no. 1, Compl. (annexed to Notice of Removal).)  Against Furiato, Hardester raised a claim sounding in social host liability.  (See id. at Count 1.)

**THE STATE COURT DEFENDANTS** removed the action to this Court. (See dkt. entry no. 1, Notice of Removal.)  Hardester thereafter filed the Amended Complaint, naming the City of Long Branch, William Richards, the Borough of Red Bank, and Mark Fitzgerald as additional defendants.  (See dkt. entry no. 10, Am. Compl.) Furiato failed to respond to the Amended Complaint.  Upon

Hardester's request, the Clerk of the Court thus entered default against Furiato.  (See dkt. entry no. 16, Request for Entry of Default.)  Subsequently, however, Hardester failed to move for default judgment against Furiato.

**HARDESTER** thereafter filed the Second Amended Complaint.  (See dkt. entry no. 34, 2d Am. Compl.)  The Ninth Count therein is raised against Furiato and again sounds in social host liability.  (See id. at Count Nine.)  Hardester there alleges that Furiato "hosted a party where excessive amounts of alcohol were consumed by his guests, including Defendants Vasquez [and] Riley . . . . Defendant[] Furiato . . . continued to provide or otherwise make alcohol available to the defendants, despite their obviously intoxicated state."  (See id. at Count Nine, ¶ 1.)  Hardester further alleges that this provision of alcohol caused him the injuries he later suffered in an alleged assault by some of Furiato's guests.  (See id. at Count Nine, ¶¶ 2-4.)

**A JURY TRIAL** commenced on February 4, 2013, and lasted for eight days.  (See dkt. entry nos. 122-29.)[1]  The jury returned a verdict in favor of Vasquez, Morey, and Riley and against Hardester for no cause of action.  (See dkt. entry no. 130, Jury Verdict.)  During the presentation of evidence, testimony demonstrated that,

---

[1] The Court, before the trial commenced, dismissed the claims Hardester asserted against Richards and Fitzgerald as redundant.  (See dkt. entry no. 89, 8-7-12 Order.)

2

on September 2, 2006, Furiato: (1) hosted a social gathering at a licensed tavern, known as The Avenue; and (2) did not personally serve alcohol to any of his guests.  The evidence adduced at trial further demonstrates that Furiato, as the host of the gathering at The Avenue, merely paid the bar bill.

**NEW JERSEY** has codified social host liability, which requires an injury arising out of "an accident caused by the negligent operation of a vehicle by the visibly intoxicated person who was provided alcoholic beverages by a social host".  N.J.S.A. § 2A:15-5.6 (emphasis added); see Dower v. Gamba, 276 N.J. Super. 319, 324-25 (App.Div. 1994).  Moreover, the statute defines "social host" to mean:

> a person who, by express or implied invitation, invites another person onto an unlicensed premises for purposes of hospitality and who is not the holder of a liquor license for the premises and is not required to hold a liquor license for the premises under [New Jersey statutory law], and who legally provides alcoholic beverages to another person who has attained the legal age to purchase and consume alcoholic beverages.

N.J.S.A. § 2A:15-5.5 (emphasis added).

**IT THUS APPEARS**, based on the evidence presented at trial, that Furiato cannot be held liable under the social host liability theory for two reasons.  First, the alleged injuries in this case did not involve a motor vehicle accident.  See N.J.S.A. § 2A:15-5.6.  Second, Furiato did not invite his guests to "unlicensed

premises"; instead, he invited his guests to The Avenue, a licensed establishment.  See § 2A:15-5.5.

**IT THUS APPEARS** that judgment should be entered against Hardester and in favor of Furiato on Count Nine of the Second Amended Complaint.  For good cause appearing, the Court will separately order Hardester to show cause why such a judgment should not be entered.

                                                s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:     February 22, 2013